## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CALVIN McCORVEY,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 2024-cv-_____ |
| **GREDE II, LLC,** | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs Calvin McCorvey (referred to herein as "Plaintiff") brings this action against Defendant Grede II, LLC. ("Defendant" or "Grede"). Plaintiff seeks relief under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. §§ 201, et seq. for the claims described herein.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over FLSA claims pursuant to 29 U.S.C. §§ 201, et seq. and 28 U.S.C. § 1331.

2. Venue is this Court is proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff Calvin McCorvey is an individual who has been employed by Grede to work at its facility in Escambia County, Alabama since approximately December 2020. Plaintiff resides in Escambia County, Alabama.

4. Grede is a foreign limited liability company registered to do business in Alabama. Grede is subject to personal jurisdiction in the State of Alabama for purposes of this Lawsuit. Its

registered agent for service of process in Alabama is CT Corporation System, 2 North Jackson Street Suite 605, Montgomery, Alabama 36104

5. At all material times to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA. It manufactures products including, among others, automotive parts.

6. Defendant is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that moved in and/or were produced in commerce.

7. Defendant is an employer covered by the record-keeping, minimum wage, and overtime mandates of the FLSA.

8. Plaintiff performed work for Defendant in Escambia County, Alabama as a nonexempt, hourly, manufacturing "Employee" of Defendant as "Employee" is defined by § 203(e)(1) of the FLSA. All the factual allegations set out herein pertain to practices of Defendant at its Escambia County, Alabama facility.

9. Except as otherwise stated, the following allegations describe facts since August, 2021.

## FACTS

10. During his employment and through mid-August 2022 Plaintiff was regularly scheduled to work what Grede considered 12 hour shifts including a 30 minute unpaid meal break. Plaintiff's usual work schedule was five shifts a week, although additional shifts were often worked and he sometimes worked six or seven shifts a week. Therefore, he worked more

than 40 hours a week almost every week of employment by Defendant. The exceptions were weeks in which he was absent, on vacation, etc.

11.  For overtime (and regular) pay calculation purposes the Defendant's usual practice was to pay Plaintiff for 11.5 hours for each shift.

12.  Plaintiff was expected to, and usually did, clock in at or before 4:45 at the beginning of a shift. Clocking in after that time was considered tardiness subject to discipline. Promptly after clocking in Plaintiff was expected to, and did, perform work activities. Those included meeting with the departing shift employee for "shift relief," safety meetings, and receiving work assignments. Defendant did not do anything to keep track of when arriving Employees make shift relief or begin their work activities except that some attendance records of meetings were made.

13.  At the end of a typical shift, Plaintiff would perform work activities until 5:00 or sometimes a little later before clocking out. Those activities included meeting with arriving employees for "shift relief," cleaning the work area, and completing work assignments for the transition to the next shift.

14.  For a typical shift, Plaintiff would only be paid for 11.5 hours even though he was performing work that was compensable under the FLSA for at least 11.75 hours. In a typical week, therefore, Plaintiff was not paid for all of the time worked in excess of 40 hours at a rate of 1.5 time a regular rate.

15.  For pay purposes, Defendant rounded down and / or disregarded the times recorded on time-clocks that Plaintiff clocked in and clocked out and as a default practice reduced the time it paid for to 11.5 hours a shift.

16. Since at least 2009, the regulations promulgated pursuant to the FLSA allowed for "rounding" of time recorded on time clocks up to 7 minutes of unpaid work but only if time is also rounded in the employee's favor to pay for time that is not otherwise compensable and only if the arrangement "averages out so that the employees are fully compensated for the time they actually worked." 29 CFR § 785.48(b).

17. Defendant's time records show the exact time that Plaintiff clocked in and out.

19. At all times during the three years preceding the filing of this civil action Defendant's rounding arrangements and / or formulaic calculations for the amount of time that it paid averaged out so that the Plaintiff was not fully compensated for the time in excess of 40 hours a week he actually worked.

20. Defendant failed to pay Plaintiff for all of the compensable overtime worked each workweek in which they worked in excess of 40 hours.

21. Plaintiff should have been paid for all hours of compensable work in excess of 40 hours in a single week at a rate of 1.5 multiplied by a properly calculated regular hourly rate. He was not.

22. Defendant's failure to pay Plaintiff overtime pay to which he is entitled under the FLSA as alleged herein was willful, intentional, unreasonable, and not in good faith as those terms are construed in connection with the FLSA.

## COUNT I
(Violations of the FLSA)

23. All preceding allegations are incorporated as though fully set forth herein.

24. Plaintiff is an Employee fully entitled to the FLSA's protections.

25. Defendant is an employer covered by the FLSA.

26. The FLSA entitles employees to pay at 1.5 times the employee's regular hourly rate for hours worked in excess of 40 hours a week. 29 U.S.C. § 207(a) with the regular hourly rate calculated on the basis of a 168 hour fixed, recurring period designated by the Employer.

27. By failing to pay overtime at 1.5 times the regular hourly rate for all compensable hours worked in excess of 40 hours in a work week, Defendant violated the FLSA's overtime pay mandate.

28. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

29. Plaintiff is entitled to recover for unpaid and underpaid overtime compensation, liquidated damages, reasonable attorney's fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief cumulatively and / or in the alternative:

A. An order directing Defendant, at its own expense, to investigate and account for the number of compensable hours actually worked by Plaintiff, and the hourly rates for each hour worked, the amount(s) paid for overtime for each workweek, and the rates of overtime pay.

B. Judgment for damages under the FLSA for all unpaid and/or underpaid and/or late paid overtime compensation under the FLSA 29 U.S.C. § 201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*

C. Judgment for liquidated damages pursuant to FLSA 29 U.S.C. § 201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.* in an amount equal to all

compensation owed to Plaintiff under the FLSA for unpaid, underpaid, or late paid overtime compensation during the applicable statutory period.

D. Judgment for any and all civil penalties to which Plaintiff may be entitled.

E. Judgment for reasonable attorneys' fees and all costs connected with this action.

F. Such other and further relief as to this Court may deem necessary, just, and proper.

> Respectfully Submitted.
>
> CASSADY & CASSADY, P.C.
> Max Cassady - CASSH0819
> 201 Rural St.
> Evergreen, Alabama 36401
> Telephone: (251) 207-7000
> Email: maxcassady@gmail.com

**DEFENDANT WILL BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

**Grede II, LLC**
CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104